# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Frederick A. Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Certificate Holders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc., and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,<br><br>    Defendants. | Civil No. 13-2207 (DSD/AJB)<br><br>REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS |

  This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on a Motion to Dismiss by Defendants The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Certificate Holders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3 ("BONYM"), Mortgage Electronic Registration System, Inc. ("MERS"), and MERSCORP Holdings, Inc. (together, "Defendants"). (Docket No. 5.)  The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.1(b).  The Court took the matter under advisement on the papers submitted on October 7, 2013.

  Plaintiff Frederick A. Johnson seeks to invalidate the foreclosure of the mortgage on his home.  Plaintiff asserts three claims against Defendants: (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title.  For the

reasons below, the Court recommends that Defendants'[1] Motion to Dismiss be granted and Plaintiff's claims be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff resides in and is in possession of real property located in Minnetrista, Minnesota. (Compl. ¶ 1.) Plaintiff acquired his interest in the property via warranty deed in 1997. (*Id.* at ¶ 2.) On November 9, 2005, Plaintiff executed and delivered a promissory note to Countrywide Bank, N.A. ("Countrywide"). (*Id.* at ¶ 6.) The promissory note was secured by a mortgage Plaintiff executed in favor of MERS, as nominee for Countrywide. (*Id.*, Ex. 1.)

On August 22, 2011, MERS assigned Plaintiff's mortgage to BONYM. (Compl. ¶ 24, Ex. 5.) The assignment was recorded on August 30, 2011. (*Id.*) Alice Rowe, Assistant Secretary for MERS, executed the assignment of mortgage on behalf of MERS. (*Id.*) Plaintiff alleges that Rowe did not have legal authority to execute the assignment because she was not an employee of MERS. (*Id.* at ¶ 24.)

Plaintiff's loan was securitized into a trust entitled Certificate Holders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3. (Compl. ¶ 8.) Plaintiff alleges that the securitization was governed by a Pooling and Servicing Agreement ("PSA") which required numerous assignments of mortgage to be prepared and delivered to and from various entities. (*Id.* at ¶¶ 8-11.) Plaintiff alleges either that these

---

[1] Plaintiff also purports to bring claims against "all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." "There are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed. *See Sonsalla v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing *Estate of Rosenberg ex rel. Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

assignments did not take place in violation of the PSA or that the assignments did occur but that none of these purported required assignments were recorded.  (*Id.* at ¶¶ 30-32.)

The Complaint contains no allegations regarding the foreclosure proceedings on Plaintiff's property, but Plaintiff's opposition to this motion states that BONYM commenced foreclosure proceedings in October 2012.  (Docket No. 11, Plaintiff's Mem. at 4-5.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  It must not, however, give effect to conclusory allegations of law.  *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ."  *Twombly*, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

## ANALYSIS

I.  **QUIET TITLE**

Plaintiff brings a quiet title claim to determine adverse claims under Minn. Stat. § 559.01. Minnesota's quiet title statute provides that "[a]ny person in possession of real property. . .may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."  Minn. Stat. § 559.01.

Plaintiff asserts that it is Defendants' burden to prove the validity of their interest in the property. (*See* Compl. ¶ 38.) However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiff] must plead facts that support his quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortg. Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)).  This requires that a complaint "plead adequate facts to establish a plausible 'claim that the Defendants' adverse claims are invalid.'"  *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685, 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

Plaintiff challenges the validity of the foreclosure on his property by asserting either that the parties to the pooling and service agreement violated the PSA by failing to make purportedly required assignments, or alternatively that these assignments were made but were unrecorded before the foreclosure proceeding commenced which rendered the foreclosure invalid under Minnesota law. Plaintiff cites *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 58 (Minn. 2013) (holding that Minnesota's foreclosure-by-advertisement statute requires strict compliance with the requirement that assignments of mortgage be recorded before the foreclosure process

4

begins) for this proposition. Plaintiff's allegations regarding alleged unrecorded assignments prior to the foreclosure, purportedly required by a pooling and service agreement, are based on speculation and are merely conclusory assertions without any factual allegations to support them. Such conclusory allegations are insufficient to satisfy the *Twombly/Iqbal* standard or Rule 8. *See e.g.*, *Karnatcheva*, 704 F.3d at 548; *Ko*, 2013 WL 4052680, at *2; *Gerdes v. Fed. Home Loan Mortg. Corp.*, Civ. No. 13-696, 2013 WL 3929049, at *2 (D. Minn. July 30, 2013); *Lara v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-676, 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); *McGlory v. CitiMortg., Inc.*, Civ. No. 12-3145, 2013 WL 2934986, at *2 (D. Minn. June 14, 2013); *Dunbar v .Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 839, 848 (D. Minn. 2012) ("Mere speculation about what may have happened [based on the allegation that a PSA required certain assignments] does not allow a plausible inference [of an unrecorded assignment,] when defendants present a facially valid record of assignment from [the original mortgagee] to the [foreclosing entity]."), *aff'd*, 709 F.3d 1254 (8th Cir. 2013).

Further, Plaintiff's arguments regarding the pooling and service agreement fail because Plaintiff is not a party to those agreements and lacks standing to challenge Defendants' compliance with the PSAs. *See, e.g.*, *Karnatcheva*, 704 F.3d at 547; *Novak v. JPMorgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 U.S. Dist. LEXIS 119382, at *9-12 (D. Minn. Aug. 23, 2012), *aff'd*, 518 Fed. Appx. 498 (8th Cir. 2013) (citing *Blaylock v. Wells Fargo Bank, N.A.*, Civ. No. 693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012)).

Plaintiff also challenges the foreclosure by asserting that the individual who signed the August 2011 assignment from MERS to BONYM lacked legal authority to do so. Plaintiff's allegations regarding alleged lack of authority to sign documents fail for the same reasons discussed above, because they are implausible and speculative. *See e.g.*, *Karnatcheva*, 704 F.3d

at 548; *Ko*, 2013 WL 3088728, at *2; *Gerdes*, 2013 WL 3929049, at *2; *Lara*, 2013 WL 3088728, at *3; *McGlory*, 2013 WL 2934986, at *2. Plaintiff's allegation that Alice Rowe was an employee of "Core Logic" and not an employee of MERS at the time of the assignment "does not establish a plausible basis for the claim that [Rowe] lacked authority to execute the assignment on behalf of MERS." *Gharwal*, 2013 WL 4838904, at *2. Moreover, "even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or [BONYM]," not Plaintiff. *Forseth v. Bank of America, N.A.*, Civ. No. 13-38, 2013 WL 2297036, at *5 (D. Minn. May 24, 2013). As such, Plaintiff lacks standing to challenge these agreements. *See, e.g.*, *id.*; *Thao-Ziong v. Am. Mortg. Co.*, Civ. No. 13-354, 2013 WL 3788799, at *5 (D. Minn. July 18, 2013); *Pope v. Fed. Home Loan Mortg. Corp.*, Civ. No. 12-3094, 2013 WL 2251001, at *3 (D. Minn. May 22, 2013); *Gerlich v. Countrywide Home Loans, Inc.*, Civ. No. 10-4520, 2011 WL 3920235, at *2 (D. Minn. Sept. 7, 2011).[2]

Finally, Plaintiff's quiet title claim also fails because Plaintiff has unclean hands. In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." *Haubrich v. U.S. Bank, N.A.*, Civ. No. 12-565, 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) (citations omitted), *aff'd*, 720 F.3d 979 (8th Cir. 2013). A "plaintiff who seeks equity

---

[2]   Plaintiff's Complaint also references an April 2011 Consent Order between the Office of the Comptroller of the Currency and Bank of America (which is not a party to this lawsuit) to support Plaintiff's allegations that their foreclosure was invalid (Compl. ¶¶ 25-29), by which Plaintiff appears to argue that it must be inferred that all foreclosure proceedings "are somehow faulty." *See Jerde v. JPMorgan Case Bank, N.A.*, Civ. No. 11-2666, 2012 WL 206271, at *3 (D. Minn. January 24, 2012), *aff'd*, 502 Fed. Appx. 616 (8th Cir. 2013). But such an "inference is not appropriate" and fails to support Plaintiff's quiet title claim. *Id.*

In addition, "[t]o the extent [Plaintiff] based [his] claims on the assertions that Defendants had no legal right to declare a default and that Defendants cannot prove a default in accordance with Article 3 of the Uniform Commercial Code [(*see* Compl. ¶ 7)], the Court rejects the claims because they are based on the discredited show-me-the-note theory." *Quale*, 2013 WL 3166584, at *1.

6

must come into court with clean hands." *Id.* (citations omitted). Plaintiff defaulted on his mortgage loan by failing to make promised payments. He seeks to declare the foreclosure proceedings "invalid after defaulting; as such, [he] come[s] to the present case with unclean hands." *Stilp*, Civ. No. 12-3098, 2013 WL 1175025, at *4 (D. Minn. March 20, 2013), *aff'd*, 2013 WL 5340399 (8th Cir. Sept. 25, 2013) (citing *Novak*, 2012 U.S. Dist. LEXIS 119382, at *9-12). Plaintiff cannot state an equitable quiet-title claim and dismissal also is warranted on this basis. *See, e.g.*, *id.*

For these reasons, the Court recommends that Count I be dismissed. Plaintiff's Complaint "tenders 'naked asssertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550, U.S. at 557). Plaintiff's "pleadings, on their face, have not provided anything to support [his] claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation" that there were unrecorded assignments or individuals lacked legal authority. *Karnatcheva*, 704 F.3d at 548. Plaintiff's assertions fail to provide any facts to render his claim plausible and as such the claim is properly dismissed.

B. **Declaratory Judgment**

For the same reasons, the declaratory judgment claim, Count II, must fail. *See Ko*, 2013 WL 3088728, at *3. The basis of the declaratory judgment claim is unclear, but it appears to be based entirely on the same unsubstantiated allegations regarding unrecorded assignments and lack of signing authority on which Plaintiff's quiet title claim is based. "A claim for declaratory judgment must be supported by a substantive legal right." *Lara*, 2013 WL 3088728, at *3 (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

### C. Slander of Title

Plaintiff asserts a slander of title claim against Defendants in Count III. A slander of title claim requires that (1) defendants made a false statement; (2) then published that false statement to others; (3) defendants maliciously published the statement; and (4) the publication caused plaintiff a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Plaintiff alleges that documents recorded in support of the foreclosure were false because they "were not executed by legally authorized persons" and that Defendants "knew or should have known that the documents were false." (Compl. ¶ 44.)

Plaintiff has not adequately pleaded the elements of a slander of title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims). Plaintiff was required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* Plaintiff has failed to identify any specific allegedly false statement. Plaintiff also fails to even allege malice. Nor has Plaintiff pleaded any facts explaining how he was caused special damages. Plaintiff's slander of title claim should be dismissed. *See Ko*, 2013 WL 3088728, at *4; *Pope*, 2013 WL 2251001, at *4; *Haubrich*, 2012 WL 3612023, at *6.

### **RECOMMENDATION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 5) be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.

Dated:   December 26, 2013                          s/ Arthur J. Boylan
                                                                           Chief Magistrate Judge Arthur J. Boylan
                                                                           United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before January 10 , 2014.